

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GORDON G. MILLER III | Case No. 3:20 –mj- 115<br><br>**FILED UNDER SEAL** |

GOVERNMENT'S MOTION TO SEAL COMPLAINT PURSUANT TO LOCAL RULE 49(B)

Pursuant to Rule 49(B) of the Local Criminal Rules for this Court, the United States, by and through its attorneys, G. Zachary Terwilliger, United States Attorney, and Katherine Lee Martin, Assistant United States Attorney, hereby moves to seal the complaint in the above-captioned case until the defendant is arrested. In support of this motion, the United States represents the following:

I. Reasons for Sealing (Local Rule 49(B)(1))

The Federal Bureau of Investigation (FBI) and the United States Postal Inspection Service (USPIS) are jointly investigating this case. Based on the investigation to date, there is probable cause to believe that GORDON MILLER has engaged in mail and wire fraud, theft from a program receiving federal funds, witness tampering, and money laundering in violation of Title 18, United States Code, Sections 1341, 1343, 666, 1512(b)(1), 1956(a)(1)(A)(ii), (B)(i) and 1957, respectively (collectively hereafter "the Fraud Offenses"). Moreover, there is probable cause to believe that GORDON MILLER also engaged in possession of child pornography in violation of Title 18, United States Code, Section 2252A.

Premature disclosure of the charges against the defendant would jeopardize an ongoing criminal investigation threatening our ability to locate and arrest the defendant, and may lead to destruction of evidence. Disclosure of the complaint and affidavit in support of the complaint would provide defendant and others with a roadmap of the ongoing criminal investigation.

II.     References to Governing Case Law (Local Rule 49(B)(2))

The Court has the inherent power to seal complaints and affidavits in support of complaints. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

III.    Period of Time Government Seeks to Have Matter Remain Under Seal (Local Rule 49(B)(3))

The complaint and affidavit in support of the complaint would need to remain sealed until the defendant makes an initial appearance pursuant to Rule 5 of the Federal Rules of Criminal Procedure. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the complaint and affidavit in support of the complaint and this Motion to Seal and proposed Order be sealed until the defendant makes an initial appearance pursuant to Rule 5 of the Federal Rules of Criminal Procedure.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
Katherine Lee Martin
Assistant United States Attorney